IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BRANDON JOSEPH PEAKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Nos.  6:20-cv-8023-KOB |
| ) | 6:13-cr-438-KOB-JHE |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This habeas case is before the court on Brad Lamont Peake's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Cv. Doc. 1) and the Government's response in opposition (Cv. Doc. 5). [1] Peake claims that his armed bank robbery conviction no longer qualifies as a crime of violence under 18 U.S.C. § 924(c) after the Supreme Court's ruling in *Davis v. United States*, 139 S. Ct. 2319 (2019). So, he argues that the court should vacate his § 924(c) conviction in Count Two and re-sentence him on his remaining five counts to which he pled guilty. (Cv. Doc. 1 at 4, 12).

The court has interpreted Peake's claim liberally because he is not represented

---

[1] Documents from Peake's criminal trial, case number 6:13-cr-438-KOB-JHE, are designated "Cr. Doc.___." Documents from Peake's § 2255 action, case number 6:20-cv-8023-KOB, are designated "Cv. Doc. ___."

1

by counsel in this action. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) ("Pro se filings, including those submitted by [the petitioner] in the present case, are entitled to liberal construction."). After reviewing Peake's motion to vacate, the Government's response, and the entire criminal court record, and for the following reasons, the court finds that his motion to vacate should be DENIED.

## I. BACKGROUND

Pursuant to a plea agreement, Peake pled guilty on December 18, 2013 to all six counts of the Information: Count One—armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); Count Two—brandishing a firearm during and in relation to the armed bank robbery in violation of 18 U.S.C. § 924(c)(1)(A); Count Three—making a bomb threat in violation of 18 U.S.C. § 844(e); and Counts Four, Five, and Six—felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Cr. Docs. 1 & 2). The court sentenced him to a total of 135 months imprisonment on July 24, 2014. (Cr. Docs. 15 & 19). [2] Peake did not file a direct appeal.

---

[2] The State of Alabama also indicted Peake for first-degree robbery and making a terrorist threat arising out of the same conduct. The state court sentenced him to 159 months' imprisonment for the robbery and 10 years' imprisonment for the terrorist threat, to run concurrently with each other and with his federal sentence. The state court also sentencing Peake to 159 months' imprisonment on two drug charges that "pre-dated the conduct leading to the federal case." (Doc. 24 at 3). The Alabama Board of Pardons and Paroles granted Peake parole on the robbery and terrorist charges on August 7, 2018 but denied parole on the drug charges. He completed his state sentence for the drug charges approximately one year later in August 2019 (Doc. 24-1 & 24-2).

**Habeas Case**

Almost six years later, Peake filed the current habeas motion on June 15, 2020, asking this court to vacate, set aside, or correct his sentence.[3] The court ordered the Government to show cause in writing why it should not grant the motion, and the Government filed its response on August 5, 2020, arguing that Peake's *Davis* claim fails on the merits. (Cv. Docs. 2, 3, & 5).

The court notified Peake on October 6, 2020 that it intended to summarily dispose of his habeas motion without a hearing and gave him an opportunity to submit any additional evidentiary materials and legal arguments by October 30, 2020. Peake requested an extension of time to submit his additional materials, and the court granted his request and extended his deadline to December 18, 2020. But Peake submitted no additional materials. (Cv. Docs. 6, 7, & 8).

The Federal Board of Prisons' website indicates that Peake is currently housed at FCI Lompoc, with a projected release date of February 23, 2024.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-

---

[3] Although the docket sheet reflects a "filed date" of June 22, 2020, the court, pursuant to the "Prisoner Mailbox Rule," deems the motion filed on June 15, 2020, the date that Peake signed the motion and presumably delivered it to prison officials. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (A pro se inmate's petition is deemed filed when he delivers it to prison officials for mailing, presumably the date he signs it.).

year statute of limitations for filing a habeas motion under 28 U.S.C. § 2255, which begins to run upon the triggering of one of four events. 28 U.S.C. § 2255(f)(1-4). Peake argues that his claim is timely under § 2255(f)(3). (Cv. Doc. 1 at 10). Under that section, the one-year statute of limitations began to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Peake claims that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) rendered the armed bank robbery predicate offense for Count Two no longer a crime of violence under 18 U.S.C. § 924 (c). The Eleventh Circuit subsequently held that *Davis* announced a new rule of constitutional law that applied retroactively to cases on collateral review. *In re Hammond*, 931 F.3d 1032, 1038-40 (11th Cir. 2019). Although Peake raised this claim within one year of the Supreme Court's decision, the holding in *Davis* has no effect on Peake's convictions. So, his habeas claim based on *Davis* fails on the merits.[4]

---

[4] The Government indicated in its response that "Peake *timely* filed his first Section 2255 motion raising a *Davis* claim." (Doc. 5 at 3) (emphasis added). So, the Government waived any argument that Peake's habeas claim is untimely under § 2255(f)(3), and this court cannot *sua sponte* consider this waived claim. *See Woods v. Milyard*, 566 U.S. 463 (2012). But, had the Government *not* waived timeliness, this court would have found Peake's *Davis* claim untimely. *See Smith v. United States*, Doc. 28 in 2:17-cv-8045-KOB (Eleventh Circuit denied certificate of appealability and agreed with district court that Smith's D*avis* claim was *untimely* under § 2255(f)(3) because the predicate offense was "not impacted by *Davis*'s overturning of § 924(c)(3)(B)'s residual clause"; the Government had raised timeliness in the *Smith* case).

Pursuant to a plea agreement, Peake pled guilty in Count Two to violating 18 U.S.C. § 924(c), a federal statute that provides mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal "crime of violence." The "crime of violence" was his armed bank robbery in Count One, to which he pled guilty.

Prior to the Supreme Court's decision in *Davis*, under 18 U.S.C. § 924(c)(3)(A) and (B), a "crime of violence" was an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," *or* that (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The former clause is referred to the "use-of-force" or "elements" clause, and the later clause as the "residual clause."  *Davis*, 139 S. Ct. at 2324.

The Supreme Court in *Davis* held that the *residual* clause in § 924(c)(3)(B) is unconstitutionally vague, abrogating the Eleventh Circuit's decision in *Ovalles v. United States*, 905 F.3d 1231 that held the exact opposite.  *Davis*, 139 S. Ct. at 2336.

But *Davis* provides no assistance to Peake.  The elements clause of § 924(c)(3)(A) remains valid despite the Supreme Court's ruling in *Davis* that § 924(c)(3)(B)'s residual clause is unconstitutionally vague.  *See Steiner v. United*

5

*States*, 940 F.3d 1282, 1285 (11th Cir. 2019) (determining that *Davis* did not affect the defendant's conviction under § 924(c) because the predicate offense qualified as a "crime of violence" under § 924(c)(3)(A)'s elements clause). And Peake's armed bank robbery predicate offense in Count One was and remains a crime of violence under the *elements* clause of § 924(c)(3)(A) because it requires the use, attempted use, or threatened use of physical force against the person or property of another. *See In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) (the Eleventh Circuit held that, in the context of an application for leave to file a second or successive § 2255 motion pre-*Davis*, armed bank robbery under 18 U.S.C. § 2113(d) is a "crime of violence" under § 924(c)'s elements clause).

Even after *Davis*, the Eleventh Circuit has held that armed bank robbery under 18 U.S.C. § 2113 qualifies as a "crime of violence" under the elements clause of § 924(c)(3)(A). *See In re* Pollard, 931 F.3d 1318 (11th Cir. 2019) (holding that armed robbery of a credit union under 18 U.S.C. § 2113 (a) and (d) qualifies as a "crime of violence" under § 924(c)'s elements clause) (citing *In re Hines*); *see also Stamps v. United States*, 812 F. App'x 871, 873 (11th Cir. 2020) (unpublished opinion) (finding that armed bank robbery under 18 U.S.C. § 2113 "categorically qualifies as a crime of violence under § 924(c)'s elements clause") (also citing *In re Hines*).

To be clear, *In re Hines* is binding precedent in this Circuit even after *Davis*. Although *In re Hines* involved an application for leave to file a second or successive § 2255 motion, the Eleventh Circuit in *St. Hubert* held that "law established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions is binding precedent on all subsequent panels of this Court, including those reviewing direct appeals and collateral attacks. . . ." *United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018); *see also Stamps*, 812 F. App'x at 873 (The Eleventh Circuit acknowledged that it is bound by its precedent in *In re Hines* that armed bank robbery qualifies as a "crime of violence" under § 924(c)'s elements clause, citing *St. Hubert*).

Peake argues that "the armed bank robbery in [his] specific circumstances does not qualify as a crime of violence" because he never threatened or inflicted any physical pain or injury on anyone during the robbery. (Doc. 1 at 4). But his arguments about the specific circumstances of his case are inapposite.

To determine whether an offense constitutes a "crime of violence" under the elements clause under § 924(c), the court must apply the categorical approach, which determines whether the statutory elements of the predicate offense "require, at a minimum, the threatened or attempted use of force." *Brown v. United States*, 942

7

F.3d 1069, 1075 (11th Cir. 2019) (citing *St. Hubert*, 909 F.3d at 348-49). So, "the particular facts of the case are irrelevant because the inquiry begins and ends with the elements of the crime." *Brown*, 942 F.3d at 1075.

In this case, Peake pled guilty to the elements of armed bank robbery under 18 U.S.C. § 2113 (a) and (d) during his plea colloquy. He specifically admitted to using "force and violence" or "intimidation" and "assault[ing] someone or put[ting] someone's life in jeopardy by using a dangerous weapon" during the bank robbery. (Doc. 20 at 16). As the Eleventh Circuit found in *In re Hines*, the elements of armed bank robbery under 18 U.S.C. § 2113 "clearly meet § 924(c)(3)(A)'s requirement that the underlying felony offense must have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *In re Hines*, 824 F.3d at 1137.

And nothing in *Davis*'s holding regarding the unconstitutionality of the residual clause of § 924(c)(3)(B) would invalidate armed bank robbery as a "crime of violence" under the elements clause of § 924(c)(3)(A). So, *Davis* provides no relief for Peake's § 924(c) conviction under Count Two. Because the Supreme Court's ruling in *Davis* does not affect or invalidate Peake's predicate offenses for his § 924(c) conviction, his claim fails on the merits.

## III. CONCLUSION

For all of the reasons discussed above, the court finds that Peake's claim for habeas relief under § 2255 should be DENIED.

The court will enter a separate Final Order.

DONE and ORDERED this 3rd day of November, 2022.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE